UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SIVAK,<br><br>               Plaintiff,<br><br>v.<br><br>DOCKET CLERK,<br><br>               Defendant. | Case No. 1:24-cv-00021-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lacey Sivak's initial pleading—identified as a "Petition for an Action to Compel an Officer of the United States to Perform Their Duty under 28 U.S.C. § 1361"—as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice and frivolous and malicious.

**1.      Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

**2.  Factual Allegations**

Plaintiff, a frequent litigator in this Court with more than three strikes under 28 U.S.C. § 1915(g), is a prisoner in the custody of the Idaho Department of Correction.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

Plaintiff asserts that he attempted to initiate a criminal prosecution in this Court, but that a docket clerk returned his criminal complaint to him with a letter. The letter stated,

> We received your request for filing a Criminal Complaint. However, only the Government can initiate a criminal case, usually brought through the U.S. Attorney's office. Allegations of criminal behavior should be brought to the appropriate law enforcement agency. In addition, the U.S. District Court - District of Idaho does not forward mail to other federal agencies. If you would like the documents filed under a case number, please provide the case number under which you would like the documents filed. Therefore, the court is not the appropriate organization for your request.

*Att. to Compl.*, Dkt. 2, at 7.

Plaintiff appears to sue the docket clerk, alleging that he has a right to file a federal criminal complaint.

3.  **Discussion**

A review of Plaintiff's pleadings and litigation history persuades the Court that Plaintiff's claims in this case are frivolous and malicious.

A complaint is frivolous if it has "no basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Malicious claims include those that a plaintiff reasserts after they have been previously dismissed. *See, e.g.*, *Brinson v. McKeeman*, 992 F. Supp. 897, 912 (D. Tex. 1997) ("It is malicious per se for a pauper to file successive in forma pauperis suits that duplicate claims made in other pending or previous lawsuits."); *Scott v. Weinberg*, 2007 WL 963990, at *12-13 (D. Wash. March 26, 2007) (malicious suits include those that are "attempts to vex, injure, or harass the defendants," that are "plainly abusive of the judicial process or merely repeat[ ] pending or previously litigated claims,"

or that can be characterized as "irresponsible or harassing litigation"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. May 5, 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

The Court has informed Plaintiff on numerous occasions that a private citizen has no right to initiate a federal criminal action. *See, e.g., Sivak v. Winmill*, No. 1:23-cv-00014-AKB, 2023 WL 4600516, at *2 (D. Idaho July 18, 2023); *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *Sivak v. Doe*, No. 1:19-CV-00234-DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016). As a result, Plaintiff is well aware that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and that there is "no federal constitutional right to have criminal wrongdoers brought to justice," *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987).

Because Plaintiff reasserts claims that—as he been warned many times—have no basis in fact or law, the Court will dismiss this case with prejudice as frivolous and malicious. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

**ORDER**

**IT IS ORDERED:**

1. This entire case is DISMISSED with prejudice as frivolous and malicious. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2.	Plaintiff's Request to Proceed Without Cost (Dkt. 1) is DENIED.

DATED: February 1, 2024

_____
David C. Nye
Chief U.S. District Court Judge